FILED

June 24 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0349

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 163N

STATE OF MONTANA,

         Plaintiff and Appellee,

  v.

LENARD JAMES STANG,

         Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 08-0073
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Matthew J. Wald, Wald Law Office, PLLC, Hardin, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

            Scott Twito, Yellowstone County Attorney, Ingrid Rosenquist, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  June 11, 2014
Decided:  June 24, 2014

Filed:

_____
                   Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Lenard J. Stang appeals from the Order and Decision of the Thirteenth Judicial District Court, Yellowstone County, denying his motion to dismiss the State's petition to revoke his suspended sentence.  We affirm.

¶3     Stang pleaded guilty in October 2008 to two felonies.  The District Court imposed concurrent sentences of eight years at the Department of Corrections, with four years suspended.  Stang began serving the suspended portion of his sentence in February 2012. On March 29, 2012, he was arrested in Butte-Silver Bow County on misdemeanor charges.   Pursuant to § 46-23-1012(2), MCA, his probation officer authorized law enforcement to detain Stang at the Butte-Silver Bow Detention Center for alleged violations of his probation, including absconding from supervision and failing to remain law abiding.  Bond was set at $50,000.

¶4     On April 11, 2012, the State filed a petition for revocation in the Yellowstone County District Court.  The District Court issued an arrest warrant the following day.  At that time, Stang was incarcerated in Butte-Silver Bow County.  Pursuant to the arrest warrant, he was brought before the Butte-Silver Bow County Justice Court on April 20. The court set bail at $20,000 and committed Stang to the Butte-Silver Bow Detention

Center until such time as he could be transported to Billings. The court ordered that if Stang posted bail, he should appear before the Yellowstone County District Court within seven days of his release.

¶5 Stang remained in custody in Butte-Silver Bow County until June 18, 2012, when he posted bond. On June 20, his probation officer learned that Stang had committed a theft in Bozeman. The probation officer authorized law enforcement to detain Stang at the Gallatin County Detention Center for violating his probation. Stang appeared on June 22 before the Gallatin County Justice Court, which set bond at $50,000.

¶6 The State filed an amended petition for revocation in the Yellowstone County District Court on June 28, 2012, incorporating both the April probation violations and the June probation violations. The District Court issued an arrest warrant that same day. Stang remained in custody in Gallatin County. He was served with the second arrest warrant on September 10, 2012, and was then transported to Yellowstone County. He appeared before the Yellowstone County District Court on September 14, at which time he was served with the amended petition for revocation and supporting documents. Ultimately, the charges pending in Butte-Silver Bow County were resolved pursuant to a plea agreement on October 31, 2012, and the charges pending in Gallatin County were dismissed on December 5, 2012.

¶7 Stang moved to dismiss the State's petition for revocation on the ground that his "Constitutional Due Process rights under the State and Federal Constitution[s] were violated when Stang was not brought before the Court to be advised of the Petition to Revoke without unnecessary delay as required by Mont. Code Ann. § 46-18-203." He

3

argued that "[t]he facts of this case are akin to" *State v. West*, 2008 MT 338, 346 Mont. 244, 194 P.3d 683. In *West*, this Court refused to consider a statutory-based challenge to the delay in bringing a probationer before the court pursuant to § 46-18-203(4), MCA. *West*, ¶ 22. However, exercising plain error review, the Court considered the probationer's constitutional argument and held that "the execution of a probation-violation warrant without unreasonable delay is one of the due process protections accorded defendants in the context of probation-revocation proceedings." *West*, ¶ 27. In evaluating whether the delay violates due process, a court must consider the totality of the circumstances, including the length of the delay, the reasons for the delay, the State's diligence in attempting to serve the warrant, any conduct of the probationer that frustrated or impeded service of the warrant, whether the probationer's whereabouts were known or readily ascertainable, and any actual prejudice suffered by the probationer as a result of the delay (such as prejudice to his ability to defend against the petition). *West*, ¶¶ 34-35.

¶8     Stang argued that the State had failed to execute the arrest warrants issued by the District Court in a timely manner and, as a result, that he had not been brought before the District Court without unreasonable delay. He noted that he was in the State's custody when the warrants were issued, and he argued that there was "no plausible explanation" for the State's failure to execute the warrants sooner. Stang further argued that the alleged constitutional violation was presumptively prejudicial and, as such, that he did not need to show actual prejudice. Nevertheless, at the hearing on his motion, Stang testified that he had suffered anxiety and lost opportunities due to his incarceration.

4

¶9 In denying Stang's motion to dismiss, the District Court concluded that the delay in bringing him before the court did not amount to an infringement of his due process rights. The court determined that Stang had not suffered any prejudice to his ability to defend against the petition. Moreover, while acknowledging that he had been in the State's custody during the vast majority of the delay, the court reasoned that Stang had prolonged the delay by his own actions, particularly his failure to self-report to the court within seven days of posting bond in Butte-Silver Bow County.

¶10 The case proceeded to a revocation hearing on March 12, 2013, at which Stang admitted to violating certain conditions of his probation. The District Court resentenced him to concurrent sentences of four years at the Montana State Prison, with one year suspended.

¶11 On appeal, Stang maintains that the delay "violate[d] his rights to due process under the State and Federal Constitution[s]." He contends that the State provided no reasonable explanation for the delay and that the District Court failed to consider his testimony about anxiety and lost opportunities. Alternatively, he reiterates his theory that the alleged constitutional violation was presumptively prejudicial. The State responds that Stang's conduct of getting arrested in Bozeman, after being released on bail, caused part of the delay and that Stang has failed to show that he was prejudiced by the delay.

¶12 We review questions of constitutional law de novo and findings of fact for clear error. *State v. Covington*, 2012 MT 31, ¶ 13, 364 Mont. 118, 272 P.3d 43. Due process is flexible and calls for such procedural protections as the particular situation demands. *West*, ¶ 32. Among the factors relevant to a due process claim under *West* is whether the

probationer suffered "actual" prejudice. *West*, ¶ 34. Thus, Stang's argument premised on presumptive prejudice is misplaced. As for actual prejudice, the District Court found that Stang had failed to demonstrate the delay prejudiced his ability to defend against the petition. Stang has not shown this determination to be in error. He asserts that he experienced anxiety and lost opportunities; however, it appears from the District Court's order that the court did not find this claim to be particularly credible. We defer to such assessments. *Ditton v. Motor Vehicle Div.*, 2014 MT 54, ¶ 33, 374 Mont. 122, 319 P.3d 1268. Finally, there is no evidence of bad faith on the part of the State, and the record supports the District Court's finding that Stang's conduct was a factor in the delay.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court did not err in denying Stang's motion to dismiss.

¶14 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE

6